[Civ. No. 7822. First Appellate District, Division One.—November 10, 1931.]

BERNARD COURSAULT, Respondent, v. E. SCHWEBEL et al., Appellants.

Bronson, Bronson & Slaven for Appellants.

J. Hampton Hoge and A. Dal Thomson for Respondent.

THE COURT.—An appeal from a judgment entered upon a verdict of $6,500 in favor of plaintiff and against defendants.

On June 26, 1928, at the intersection of Sacramento and Maple Streets in San Francisco, the plaintiff received personal injuries when he was struck by an automobile owned by defendant Schwebel and operated by defendant Barrett.

As grounds for their appeal defendants claim that plaintiff was guilty of contributory negligence as a matter of law; that the court erred in admitting in evidence a certain ordinance of the city and county of San Francisco and in its instructions to the jury, and that plaintiff's counsel was guilty of prejudicial misconduct at the trial.

Plaintiff immediately before the accident was a passenger on a street-car traveling west on Sacramento Street. According to some of the witnesses the car stopped on Sacramento Street, its front end, from which plaintiff alighted, being about six feet within the intersection. It was testified by another witness that the car passed into the intersection a distance of about the length of the front platform. There was a conflict as to whether the car stopped before plaintiff alighted, but the testimony was sufficient to support an affirmative conclusion in that respect.

Defendant Barrett in the course of his employment was driving an automobile in the same direction and some distance behind the street-car, and as the car stopped he

turned to his right in an attempt to pass, and struck the plaintiff. It was also testified that no warning signal was given by Barrett, and that when the brakes were applied the automobile skidded a distance which was variously estimated from forty to eighty-five feet, and when he stopped the front of the automobile was about eighteen feet past the place where plaintiff, who had been thrown or carried some distance to the west by the automobile, was lying. Barrett testified that before he attempted to pass the car he had been traveling from fifteen to twenty feet behind at a speed of about fifteen to twenty miles an hour. According to the plaintiff, as he alighted he looked to his right and saw the automobile approaching some distance behind the car. He also heard the brakes applied and thought the driver intended to stop. In the meantime he had taken several steps toward the curb, and before he could save himself the automobile was upon him.

█ Although it is the general rule that a greater degree of care must be observed by a pedestrian at a place other than an established crossing (*Sheldon* v. *James*, 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8]; *Patania* v. *Yellow etc. Cab Co.*, 102 Cal. App. 600 [283 Pac. 295]), it is not contributory negligence as a matter of law for a pedestrian to thus proceed. The presumption is that while so doing he was exercising the requisite degree of care for his own safety, and the question whether he was negligent under the circumstances is one of fact for the jury (*Broedlow* v. *LeGros*, 88 Cal. App. 671 [263 Pac. 1027]). █ Nor, as held in *Flach* v. *Fikes*, 204 Cal. 329 [267 Pac. 1079, 1080], can it be said that a person is guilty of contributory negligence merely because he attempts to cross a street when an automobile is approaching. As the court said: "If that were so he never could attempt to cross a street upon which automobiles are being operated. . . . He has a right to expect that those operating automobiles upon a public street will operate them in a manner and at the speed customary at the particular place. Whether such a person is guilty of contributory negligence in attempting to cross a street in front of an approaching automobile would depend upon all the circumstances under which he acted. This question is one for the determination of the jury or the trial court, and their finding thereon is binding upon an appellate court."

■ The driver of an automobile must anticipate the presence of pedestrians upon the streets or highways (*Hat-zakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709]). He must likewise anticipate that passengers will alight at intersections; and it is his duty to operate his vehicle with due care and caution so as to assure the safety of such passengers (Vehicle Act, sec. 134; Stats. 1923, pp. 517, 560).

■ In view of all the circumstances the question here was properly one for the jury, and the evidence fairly supports their implied conclusion that plaintiff was not guilty of contributory negligence.

There was introduced in evidence over defendant's objection an ordinance of the city and county of San Francisco, regulating the operation of motor vehicles when overtaking street-cars which had stopped or were about to stop for the purpose of receiving or discharging passengers. It is claimed by defendants that the ordinance had no application to the facts of the case for the reason that the street-car had passed the usual stopping place, and that its admission in evidence was prejudicially erroneous.

■ The ordinance made it the duty of a driver overtaking a street-car to bring his vehicle to a standstill whenever the car stopped for the purpose of receiving and discharging passengers, and this duty was not restricted to regular stopping places. As stated, some of the witnesses testified that the car had passed into the intersection; but, however this may be, it is well known that circumstances may make it necessary to discharge passengers at places other than the usual stopping points; and it clearly was not the intention to restrict the operation of the ordinance to the .extent claimed by defendants. However, the court at their request charged that the ordinance had no applicability where a street-car stopped at a point other than approximately the usual point for receiving and discharging passengers, or where the operator of the automobile has no reasonable warning that a passenger is to be discharged; further, that if the jury found that the street-car had proceeded across Maple Street before discharging plaintiff as a passenger, and no reasonable warning was given defendant Barrett that a passenger was to be discharged at that point, then the provision of the ordinance that the driver must stop in the

rear of the street-car was not to be considered by the jury. The ordinance was in view of all the evidence properly admitted, and the instructions as to its application fully presented defendant's theory of the case, and were as favorable as the defendants had the right to demand.

■ The court also instructed that failure to comply with an ordinance regulating the operation of motor vehicles upon the highways of San Francisco constituted negligence in itself; further, that if they found from the evidence that defendant Barrett violated the ordinance in question, and such violation proximately caused the injuries complained of, if any, and plaintiff was himself free from contributory negligence, he was entitled to recover. It is objected that the court did not qualify this instruction by stating that the violation of an ordinance may be explained or excused, citing *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675, 677], where the court said: ''The violation of such a law, if left without explanation or excuse, is conclusive of negligence but it may be excused. . . . If some good excuse appears which would be a sufficient defense to an action for the penalty imposed by law . . . then the law is not really violated. The defendant was entitled to an instruction embodying the substance . . . of the rule as herein stated.'' The instruction, however, as far as it went, was a correct statement of the law (*Mann* v. *Scott,* 180 Cal. 550, 560 [182 Pac. 281]; *Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045]); and if defendants wished a qualifying instruction it was their duty to request it (24 Cal. Jur., Trial, sec. 74, p. 976). No such request was made.

Objection is also made to an instruction that the ordinance made it the duty of drivers overtaking a street-car which had stopped to discharge passengers to stop their vehicles. What we have said regarding the admissibility of the ordinance in evidence and the instructions construing it applies to the above instruction, and requires no further discussion.

■ Two instructions offered by defendants stating in substance that Barrett was not bound to drive his automobile so as to protect passengers who might jump from a street-car while in motion unless he had warning of such intention were refused. Barrett testified that plaintiff jumped from the car while it was in motion; and it was held in *Brown* v.

*Brashear,* 22 Cal. App. 135 [133 Pac. 505], that such testimony made a similar instruction proper and its refusal was error. The court did, however, charge the jury that if Barrett, after the street-car started, proceeded to pass at a lawful speed, and while so doing, plaintiff alighted and stepped in front of the automobile, and the jury found that Barrett had no warning of plaintiff's intention and could not stop in time to avoid striking the plaintiff, then defendants were not guilty of negligence; and also that there was no duty on the part of Barrett to anticipate that passengers would alight from the street-car between regular stops. These instructions covered substantially the subject matter of those refused, and consequently the error was not prejudicial (24 Cal. Jur., Trial, sec. 79, p. 806).

Plaintiff's counsel during his examination of several of the jurors on their *voir dire* asked whether they carried insurance or were interested in the Indemnity Insurance Company of North America, or acquainted with certain of its agents, naming them; also a physician, called as a witness for defendants and who made a physical examination of plaintiff, was asked on cross-examination as to who requested him to make the examination. The physician answered that he acted either at the request of defendants' attorneys or "the insurance company",—which, he did not remember.

While it has been held that evidence that the defendant is insured against loss is not admissible, and that it would be improper for counsel to endeavor to get such fact before the jury by questions designed for that purpose, and that any unfairness in that respect might be regarded as prejudicial misconduct (*Pierce* v. *United Gas & Elec. Co.,* 161 Cal. 176 [118 Pac. 700]), nevertheless, it is entirely proper to ask such questions as may be reasonably necessary to ascertain whether a prospective juror is free from bias or interest and to this end to ask whether he is interested as an agent or stockholder in a specified insurance company, or the question whether he is interested in any company insuring against liability (*Arnold* v. *California Portland Cement Co.,* 41 Cal. App. 420 [183 Pac. 171]). And it has been held that such questions, conceding their impropriety, cannot be said to have resulted in a miscarriage of justice unless the amount assessed by the jury as damage is disproportionate to that which the evidence reasonably shows,

or defendant's liability therefor under the evidence is a close question (*Arnold* v. *California Portland Cement Co., supra; Eldridge* v. *Clark & Henery Const. Co.,* 75 Cal. App. 516 [243 Pac. 43]). There is nothing in the record to indicate bad faith on the part of plaintiff's counsel; and in connection with the subject of insurance the court charged the jury as follows: "In the questions asked of you concerning your qualifications to sit as jurors in this case some mention was made of the matter of insurance. I instruct you that you cannot bring in a verdict against any insurance company; and I further instruct you that no insurance company is a party to this action. The question of insurance does not enter into this case, and the jury is instructed not to consider the same at all. . . . " Moreover, in denying defendants' motion for a new trial based upon the ground, among others, of misconduct of plaintiff's counsel, the court impliedly determined that defendants suffered no prejudice; and this conclusion cannot be disturbed unless under all the circumstances it was clearly wrong (*La Fargue* v. *United Railroads,* 183 Cal. 720 [192 Pac. 538]), which cannot be said here.

The cross-examination of the physician was not improper as the jury had the right in determining his credibility to consider his interest in the case (27 Cal. Jur., Witnesses, sec. 96, p. 122).

In view of the evidence as to plaintiff's injuries, his loss of time on that account, and the medical and hospital expense incurred by him, we cannot say that the verdict was excessive.

The implied findings that defendants were negligent, and against the defense that plaintiff was wanting in due care, are fairly supported, and no error is shown which would warrant the conclusion that the same resulted in a miscarriage of justice.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 10, 1931, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7, 1932.