[Civ. No. 651. Fourth Appellate District.—January 24, 1933.]

HARRY C. MILLER, Respondent, v. JULIUS SCHIM-MING et al., Appellants.

George L. Greer and Walter S. Coen for Appellants.

W. H. Douglas for Respondent.

JENNINGS, J.—This is an appeal by defendants from a judgment in plaintiff's favor. The evidence produced during the trial of the action was submitted to a jury, which returned a verdict in favor of plaintiff in the amount of $3,500. Thereupon the judgment from which this appeal has been taken was rendered.

Upon the conclusion of plaintiff's case defendants moved for a nonsuit. The motion was denied. After all of the evidence had been presented and prior to the submission of the case to the jury defendants moved the court to direct the jury to return a verdict in favor of defendants. This motion was likewise denied. Following the return of the verdict in plaintiff's favor defendants moved the court to enter judgment in their favor notwithstanding the verdict. This motion was denied. Thereafter defendants presented a motion for a new trial, which was also denied. It is urged on this appeal that the trial court erred in denying the aforesaid motions and that the verdict and judgment are not supported by the evidence and are contrary to law. These various contentions finally resolve themselves into the single contention that the judgment is not supported by the evidence.

The record on appeal discloses that the action was brought to recover damages for injuries sustained by plaintiff as the result of a collision between an automobile truck driven by plaintiff and an automobile truck which was the property of defendant Schimming and which was being driven by the defendant Wombolt, who was an employee of defendant Schimming. The complaint alleged that the accident was caused by the negligent operation of defendant Schimming's truck by the defendant Wombolt who, at the time of the accident, was acting in the scope and course of his employment. The answer of defendants admitted that the truck which Wombolt was driving was the property of Schimming and that at the time of the accident Wombolt was employed by Schimming and was acting in the scope and course of his employment. The answer denied that the accident was caused by Wombolt's negligent operation of the truck which he was then driving and for a further defense alleged that whatever injuries were sustained by plaintiff were proximately caused by his own contributory negligence.

The collision between the trucks occurred in the intersection of Ball Road and Magnolia Avenue, both of which are public highways in Orange County. At the time the collision occurred Ball Road was 35 feet wide from curb to curb. In the center of the street there was a strip of hard pavement 19 feet in width. Magnolia Avenue was 28 feet

wide from curb to curb and contained a strip of hard pavement which was 17 feet in width. It was stipulated during the trial that the view of drivers approaching the intersection was obstructed on the date of the accident and that the lawful rate of speed of vehicles passing through the intersection was limited to 15 miles per hour. The truck which was being driven by plaintiff was a Moreland truck. It was empty at the time of the collision and weighed approximately 8,800 pounds. The truck which was being driven by defendant Wombolt was a Ford truck. It was loaded with fertilizer. The Moreland truck was proceeding in a northerly direction on Magnolia Avenue. The Ford truck was proceeding in an easterly direction on Ball Road. The only eye-witnesses of the accident who testified during the trial were the plaintiff, Miller, and the defendant, Wombolt. Their testimony with respect to the speed at which their respective trucks approached the intersection and proceeded into it was conflicting. Plaintiff testified that he approached the intersection at a speed of about 10 or 11 miles per hour and that when he arrived at a point which was approximately 15 feet south of the gutter line of Ball Road he slowed down, changed gears and looked both to the east and west and seeing no vehicles approaching from either direction entered the intersection and proceeded through it at a somewhat increased speed, which was not, however, as much as 5 miles greater than the speed at which he approached the intersection. He also testified that as he looked to the west prior to entering the intersection his vision in that direction was obscured by two trees which were standing near the southeast corner of the intersection, but that he could see for a distance of approximately 90 or 100 feet west of the west line of the intersection. He also testified that he did not again look either to the east or west as he proceeded through the intersection, that he gave no signal by horn or otherwise and heard no signal given by any other vehicle, that he neither saw nor heard any other vehicle approaching, that he was rendered unconscious by the force of the impact and did not regain consciousness until several hours later. The defendant Wombolt testified that he approached the intersection from the west at a speed of approximately 12 or 13 miles per hour, that after he had entered the intersection and had

proceeded into it for a distance of about 9 or 10 feet, he looked to the south and saw plaintiff approaching the intersection at a speed of at least 25 miles per hour, that plaintiff was then 115 or 120 feet south of the intersection, that he increased the speed of his truck to approximately 14 miles per hour, that as he observed plaintiff approaching at a rapid speed he turned his truck to the left for the purpose of avoiding a collision and that plaintiff turned to the east, but that nevertheless plaintiff's truck struck the Ford truck then being driven by the witness. It is apparent that the testimony of the two eye-witnesses was irreconcilably conflicting and the jury was at liberty to accept plaintiff's version of the accident. If this were all we should feel impelled to hold that plaintiff's testimony indicated clearly that he had the right of way and since the jury evidently accepted his version of the manner in which the accident occurred, its verdict based thereon and the judgment rendered in conformity with such verdict may not be disturbed, in accordance with the familiar rule that a judgment will not be reversed when the material evidence produced during the trial is conflicting. However, the defendants zealously contend that the plaintiff's testimony, as shown by the record, is in itself so contradictory and so conflicting that it does not rise to the dignity of evidence and it is urged, therefore, that the only credible evidence produced consists of the testimony of the defendant, Wombolt, from which it is said to follow that the judgment in plaintiff's favor should be reversed for the reason that it is entirely lacking in evidentiary support. This contention necessitates a more detailed scrutiny of plaintiff's testimony.

The record shows that when plaintiff was giving his testimony upon the trial of the action he was interrogated on cross-examination with respect to his deposition, which was taken on August 25, 1931. In this deposition, which was admitted in evidence, plaintiff testified that the point at which he looked both to the east and west was at the south edge of the paved portion of Ball Road, at which point he testified he could see for a distance of approximately 500 feet to the west along Ball Road, that he looked to the west and saw no vehicle approaching the intersection from the west within range of his vision. On cross-examination of the plaintiff during the trial he was

asked if he had not testified during the taking of his deposition that his truck was at the edge of the pavement on Ball Road when he looked in both directions, to which he replied that he had so testified. He was then asked if he had not testified during the taking of the deposition that at the time his truck was at the point indicated he could see to his left for a distance of about 500 feet, to which inquiry he replied that he had not so testified. However, upon being later recalled for further cross-examination, he was again asked if he had not testified during the taking of the deposition that, at the time he looked to the west when his truck had arrived at the south edge of the pavement on Ball Road, he could see in that direction for a distance of about 500 feet, to which he replied that he had so testified. From the above recital it is apparent that not only was plaintiff's testimony during the trial contradicted by his previous testimony given during the taking of his deposition, but also that his testimony on direct examination as to the location of his truck when he looked both to the east and west, and more particularly the distance to the west within which his vision was unobstructed, was contradicted by his later testimony on cross-examination. Nevertheless, we are not prepared to say that his testimony, although clearly contradictory in the respects mentioned and conflicting in other respects, is entirely discredited and unworthy of consideration. It is not conclusive of this appeal that the record indicates that plaintiff's testimony during the trial was, in many respects, conflicting and that it was contradicted by his testimony given on another occasion. The question of the credibility of witnesses is one that is to be determined solely by the triers of fact (*Farmers Bank of Camarillo* v. *Goodrich*, 90 Cal. App. 717 [266 Pac. 550]; *Winning* v. *Board of Dental Examiners*, 114 Cal. App. 658, 667 [300 Pac. 866]). The jury, by its verdict herein, has indicated that it did not consider plaintiff's testimony, inconsistent and conflicting though it undoubtedly was, as being entirely unworthy of belief. By this determination we are bound unless it appears that plaintiff's testimony is inherently so improbable and impossible of belief that, in effect, it constitutes no evidence at all (*DeArellanes* v. *DeArellanes*, 151 Cal. 443 [90 Pac. 1059]; *Crow* v. *Crow*, 168 Cal. 607, 610 [143 Pac. 689]). We are not prepared, upon careful

176

consideration of plaintiff's testimony, to hold that, because of the contradictions and inconsistencies in it, it is so inherently impossible of belief in its entirety that we can say that the judgment is totally lacking in evidentiary support. We are assisted in arriving at this conclusion by the testimony of plaintiff's witnesses, Cecil Robinson and J. W. Calwell, each of whom testified that he arrived at the scene of the accident shortly after it occurred and whose testimony is, to some extent, corroborative of plaintiff's testimony as to the manner in which the collision occurred. Furthermore, it is proper to observe that the testimony of the defendant, Wombolt, that he saw plaintiff's truck approaching the intersection from the south when the truck which he was driving had proceeded at least 8 or 9 feet into the intersection, at which time plaintiff's truck was approximately 115 or 120 feet south of the south line of the intersection, and that his truck was proceeding at a rate of speed which did not exceed 14 miles per hour and plaintiff's truck was approaching at approximately 25 miles per hour, is not profoundly convincing. As heretofore noted, Magnolia Avenue is 28 feet in width and Ball Road 35 feet wide. From the marks which certain witnesses testified were produced on the surface of the street by the collision and whose location was fixed as being near the center of the road somewhat to the east of the center of the intersection, it is apparent that the Ford truck driven by Wombolt had less than 20 feet to proceed to the point of impact in the same space of time that plaintiff's truck had to proceed for a distance of approximately 120 feet. The mere recitation of the testimony is sufficient to indicate that the witness, Wombolt, must have been mistaken either as to the speed or location of either or both of the two trucks.

It is a familiar and well-established rule that, in considering a claim that the evidence is insufficient, it is the duty of an appellate court so to construe the evidence as to support the judgment of the trial court if it is fairly susceptible of such construction (*Gett* v. *Pacific G. & E. Co.*, 192 Cal. 621 [221 Pac. 376]; *Neher* v. *Kauffman*, 197 Cal. 674, 684 [242 Pac. 713]; *Peterson* v. *Klitgaard*, 212 Cal. 516, 521 [299 Pac. 54]). Application of this rule to the facts presented by the record herein impels us to the conclusion that the verdict is not lacking in evidentiary

support and that the judgment rendered in conformity with the verdict is not vulnerable to the attack urged by defendants.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 24, 1933.