[Civ. No. 9134. Second Appellate District, Division One.—June 14, 1935.]

ROSA NICHOLAS, Respondent, v. THOMAS A. LESLIE et al., Appellants.

Heaney, Price & Postel and Clarence A. Rogers for Appellants.

Smith & Delwiche for Respondent.

SHINN, J., *pro tem.* — The defendants appeal from an order granting plaintiff's motion for a new trial in an action for personal injuries in which the verdict of the jury was in favor of the defendants.

Insufficiency of the evidence to sustain the verdict was specified by the court as one of the grounds upon which the motion was granted.

Plaintiff was struck by an automobile of the defendants while she was crossing a street in the city of Santa Barbara. Appellants claim the order granting a new trial upon this ground was erroneous for the reason that no negligence of Victoria Leslie, the driver of the automobile, was shown and because it appears from the plaintiff's testimony, as a matter of law, that she was guilty of contributory negligence. If either of these contentions should be upheld, the order should be reversed. If, upon the other hand, there is evidence from which conclusions may reasonably be drawn that defendant Victoria Leslie was guilty of negligence and

plaintiff was not guilty of contributory negligence, the order should be affirmed. In such a case it will be presumed that the trial court, in granting the motion, was not satisfied with such of the testimony of the witnesses as tended to show that defendant was not negligent and plaintiff was guilty of contributory negligence. Examination of the record readily discloses testimony which amply supports the court's order.

Plaintiff, a woman about seventy years of age, was crossing Santa Barbara Street at the intersection of Haley Street, from the southwest to the southeast corner of the intersection. Haley Street is forty-two feet wide between curbs. Santa Barbara is forty and one-half feet wide between curbs. The distance between curb and property lines on the south side of Haley Street is eight feet four inches and that would be the width of the pedestrian crosswalk across Santa Barbara Street. A painted line on the pavement crossing Santa Barbara marked the extension of the property lines of Haley Street. There were boulevard stop signs on Santa Barbara, requiring motorists to stop before crossing Haley Street. Plaintiff was walking easterly on the south sidewalk of Haley Street and when she came to Santa Barbara she there saw the automobile of defendants approaching from the north. Its exact location when she first saw it is not clearly indicated in her testimony. Appellants quote her statement that she first saw the car "coming through", as proving that the car had entered the intersection before she saw it, but from a reading of her entire testimony, we understand that she observed the car when it was some distance north of the intersection. Plaintiff did not display a good command of the English language, which, we think, accounts for the somewhat confusing use of the expression quoted and which we think has been misinterpreted by appellants' counsel.

Plaintiff admitted not having looked again after first seeing the automobile. She testified that she thought the automobile would stop and that she could cross the street in safety. She took eight or nine steps into the street when she was struck by the right front fender or bumper of the car. She was shoved along a short distance and fell, sustaining a fractured rib, fractured wrist and other injuries.

The evidence shows that the driver, Victoria Leslie, stopped her car at the boulevard stop on the north side of Haley Street and drove across the intersection in second gear, at a speed of

ten or twelve miles per hour. It is not claimed that she violated the law in any way in the operation of her car, other than to fail to give due heed to the rights of pedestrians and to yield the right of way to the plaintiff, as she was required to do under the provisions of section 131½ of the California Vehicle Act if plaintiff was crossing the street in a crosswalk.

Mrs. Leslie testified that plaintiff suddenly appeared in front of her car, or, as she put it, "shot out" into the path of the car. The evidence was in conflict as to the exact point where plaintiff was struck, whether in the crosswalk or to the south of it. Defendants' car stopped almost immediately after striking plaintiff. Mrs. Leslie testified that as she drove across the intersection she was looking to the right and left and ahead of her but that she did not see plaintiff until she observed her immediately in front of the right headlight of the car, and that she did not know how plaintiff got there; that she immediately turned to the left in an effort to avoid striking plaintiff and stopped her car almost on the spot. The order granting a new trial necessarily implies that the trial court believed there was evidence that Mrs. Leslie was negligent. We think this was a reasonable conclusion to be drawn from her own testimony. While plaintiff was walking eight or nine steps from the curb to a point about midway in the west half of Santa Barbara Street, defendants' car, at a speed of ten or twelve miles per hour traveled several times as far as plaintiff did. The accident happened at 9:30 A. M., the day was clear, and defendant's view of the crosswalk was unobstructed. There is testimony that plaintiff might have been concealed behind a telephone pole as she stood on the curb. It may be conceded that defendant might have been excusable in failing to notice plaintiff in that location, but it is altogether reasonable to say, upon the evidence then before the court, that defendant was negligent in failing to see plaintiff as she walked across the street. It was defendant's duty to know whether pedestrians were using the sidewalk. It was her duty to yield the right of way to plaintiff, and this she did not do. She therefore violated the provisions of section 131½ of the California Vehicle Act, and her act in so doing was negligence *per se.*

Much reliance is placed by appellants upon the testimony that plaintiff was struck some distance south of the

crosswalk but the evidence is conflicting upon that point. Plaintiff's testimony is not entirely clear as to her position with reference to the crosswalk, whether she was inside or just outside of it. But if it be assumed that she was from one to two feet outside of the crosswalk at the time she was struck, which is the most favorable construction of her testimony that appellants can reasonably claim, we think the fact is unimportant. If defendant had made careful observation to see whether pedestrians were in the crosswalk she would have seen plaintiff; if plaintiff had been walking a few feet farther north and clearly in the crosswalk she would have been struck just the same, because defendant did not see her until it was too late to avoid striking her. Under the facts of this case, the rights and duties of the parties were the same whether plaintiff was walking just within or just without the boundary of the crosswalk. Where a pedestrian, though not precisely within a crosswalk, is struck by a vehicle while it is passing through one, it would be unreasonable to hold that the vehicle had the right of way or that the pedestrian had not.

There is evidence in the record from which the court might have believed that plaintiff, before starting to cross the street, observed defendants' automobile sixty or more feet distant. Plaintiff's testimony that she believed the automobile would stop is sufficient to show that she believed she would be given the right of way over the machine. She had a right so to believe, and to govern her conduct accordingly. Whether she relied unreasonably upon such right, whether she was negligent in misjudging the speed of defendants' car or in failing to look a second time, were questions of fact for the trial court. The extent of care to be exercised by a pedestrian in crossing a street must necessarily be relative to the condition of traffic and the particular surroundings.

This court cannot say that plaintiff was guilty of negligence as a matter of law. The determination of the trial court that the evidence of plaintiff's negligence was not satisfactory, supported as it is by reasonable deductions from the facts in evidence, is binding upon an appellate court.

A pedestrian is not necessarily guilty of negligence as a matter of law in attempting to cross a street ahead of an automobile which he sees approaching some forty-five or fifty feet distant. (*Collom* v. *Bloch*, 70 Cal. App. 33 [232

Pac. 486].) The question whether a pedestrian was negligent in crossing a street under the circumstances disclosed by the evidence is primarily one for the trial court. (*Coursault* v. *Schwebel*, 118 Cal. App. 259 [5 Pac. (2d) 77] ; *Flach* v. *Fikes*, 204 Cal. 329 [267 Pac. 1079] ; *Miller* v. *Schimming*, 129 Cal. App. 171 [18 Pac. (2d) 357].) ▆▆▆ Without discussing the many cases cited by appellants, we may say that there is to be found therein nothing in conflict with the well-established rule that where different conclusions may reasonably be drawn from the established facts upon questions of negligence and contributory negligence, the finding of the lower court will not be disturbed. The rule is applicable to the situation presented on this appeal.

The fact that the defendant Mrs. Leslie did not yield the right of way to plaintiff and the testimony of plaintiff that she leisurely crossed the street in the belief that she could do so with safety, which belief was the more reasonable because of her superior right, amply sustain the decision of the trial court that the jury erroneously decided the questions of negligence and contributory negligence in defendants' favor.

▆▆▆ The presumptions are in favor of the order granting a new trial (*Weaver* v. *Shell Oil Co.*, 129 Cal. App. 232 [18 Pac. (2d) 736]), and the invariable rule is that an order granting a new trial upon the ground of insufficiency of the evidence, will not be reversed except upon a showing of manifest abuse of discretion. (*Harrison* v. *Sutter Street Ry. Co.*, 116 Cal. 156 [47 Pac. 1019].) The instant case fails to meet that requirement.

Since for these reasons the order must be sustained, it becomes unnecessary to determine whether the new trial might properly have been granted upon other grounds discussed in the briefs of counsel.

The order is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 12, 1935.