[Civ. No. 12303.   Second Appellate District, Division Two.—October 16, 1939.]

LEONARD G. VANDERPOOL, Respondent, v. WALTER PERRY DUNHAM, Appellant.

A. H. McConnell for Appellant.

William C. Deatherage for Respondent.

WOOD, J.—Plaintiff obtained a judgment against defendant in the sum of $2,188.50 for damages which were suffered when he was struck by an automobile driven by defendant. From this judgment defendant appeals.   The only contention made by defendant is that plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred at the intersection of Long Beach Boulevard and Plymouth Street in the city of Long Beach at 8:30 P. M. on May 11, 1936.   Long Beach Boulevard runs in a northerly and southerly direction and Plymouth Street runs in an easterly and westerly direction.   According to the testimony of plaintiff, he was at the southeast corner of the intersection and before stepping from the curb to cross Long Beach Boulevard he looked to the left and to the right to see if there were any cars coming.   He saw cars to the south 75

or 100 feet away. He then started to walk across Long Beach Boulevard in a marked pedestrian zone. As plaintiff proceeded to cross the boulevard two automobiles came up from the south and stopped to let him pass. He continued in the pedestrian zone until he reached the center line of Long Beach Boulevard at which point he hesitated to observe whether a car traveling south was going to stop. Plaintiff further testified that he was on the west side of the center line, possibly 2 or 3 feet past the center line, when he was struck by an automobile driven by defendant.

The two cars which had stopped to allow plaintiff to pass along the pedestrian zone left a space of 8 or 9 feet between the center line of Long Beach Boulevard and the nearest stopped car. Defendant, according to his own testimony, drove into this space with his left front fender 12 or 18 inches from the center line. Two witnesses who were traveling in a car in a southerly direction on Long Beach Boulevard testified that plaintiff was struck when he was on the center line. Defendant testified that plaintiff took a step back when he was struck.

Defendant's contention is devoid of merit. The finding of the trial court that plaintiff was free from contributory negligence is manifestly supported by ample evidence. The issue presented by defendant's claim of contributory negligence on the part of plaintiff was for the determination of the trial court and its finding may not be set aside on appeal unless no inference may reasonably be drawn from the evidence other than that plaintiff was negligent. These principles are so well established that no authorities need be cited. While crossing in the pedestrian zone plaintiff had the right of way. He was at an intersection where traffic was congested. According to his own testimony, as well as that of the two witnesses traveling south, the most that can be said of his conduct is that he hesitated at the center line to observe southbound traffic. Such conduct might reasonably be held to indicate prudence rather than negligence. According to plaintiff and his witnesses he was struck by defendant's car either at the center line or a short distance west of the center line. It is readily apparent that the facts shown in evidence furnish no basis whatever for defendant's contention.

The judgment is affirmed.

McComb, J., concurred.

MOORE, P. J., Concurring.—I concur.

Whether a pedestrian be negligent in crossing a street is to be determined by the jury, in the absence of regulatory statutes. (*Burgesser* v. *Bullock's,* 190 Cal. 673 [214 Pac. 649].) Where a pedestrian is using the cross-walk, it is the duty of the motorist to yield the right of way (Vehicle Code 560), and the extent of care to be exercised by the pedestrian is correlative with the amount of the traffic then and the particular surroundings there. (*Nicholas* v. *Leslie,* 7 Cal. App. (2d) 590 [46 Pac. (2d) 761].) The question of the pedestrian's negligence in such circumstances is primarily one for the trial court. (*Coursault* v. *Schwebel,* 118 Cal. App. 259 [5 Pac. (2d) 77].) It is the duty of an appellate court so to construe the evidence as to support the judgment if it is fairly susceptible of such construction. (*Miller* v. *Schimming,* 129 Cal. App. 171 [18 Pac. (2d) 357].)