[Civ. No. 11934. First Dist., Div. One. June 29, 1942.]

BESSIE WILLIAMS, Respondent, v. ROY LAYNE et al., Appellants.

F. E. Hoffman for Appellants.

Norman S. Menifee for Respondent.

KNIGHT, J.—Defendants parked their truck on Waverly Street close to the corner of Dexter Street, just south of Redwood City, and allowed it to remain there after dark without lights. About 9 o'clock that night the plaintiff while driving alone in her automobile collided with the rear end of the truck, and on account of the personal injuries received she brought this action for damages and a jury returned a verdict in her favor for $2,500. From the judgment entered

thereon the defendants appeal. They make no claim that they were not negligent, but as first ground of appeal urge that plaintiff was guilty of contributory negligence as a matter of law in failing to observe the presence of the truck before she collided with it, and that therefore their motion for a nonsuit should have been granted. The point is without merit.

It appears from the evidence that on the evening in question plaintiff had been visiting her daughter at the latter's home on the south side of Dexter Street, which runs east and west. She parked her car on the same side of the street about 30 or 40 feet from and facing the corner of Waverly Street, which runs north and south, and about 9 o'clock she started to drive home. In rounding the corner into Waverly Street she ran into the rear end of the truck which was parked about 25 feet from the corner on the west side of Waverly Street parallel with the curb, with all four wheels on the traveled portion of the street and without lights, admittedly in violation of law. The evidence is conflicting as to whether the truck was equipped with a rear end reflector, but in this connection it shows that the back of the truck was so covered with mud that neither glass nor metal of any type was visible. At the time of the impact plaintiff was still driving in low gear, about 15 miles an hour, with her headlights burning, giving visibility for at least 60 feet; but her failure to see the truck can be readily accounted for by the fact that as she rounded the corner the lights of her car did not focus on the truck in time to avoid colliding with it.

 Under the foregoing circumstances the question of contributory negligence was one of pure fact for the jury to decide, and the granting of a nonsuit would have been reversible error. (*Gammon* v. *Wales,* 115 Cal. App. 133 [300 Pac. 988]; *Smyth* v. *Harris & Devine,* 3 Cal. App. (2d) 194 [38 P. (2d) 862].) Furthermore, since it appears that the jury's determination on that issue is supported by substantial evidence, it is binding on appeal. (*Sawdey* v. *Producers' Milk Co.,* 107 Cal. App. 467 [290 Pac. 684]; *Smarda* v. *Fruit Growers' Supply Co.,* 1 Cal. App. (2d) 265 [36 P. (2d) 701]; *Casey* v. *Gritsch,* 1 Cal. App. (2d) 206 [36 P. (2d) 696].) There is no similarity between the facts of this case and those involved in *Pate* v. *Pickwick Stages System,* 125 Cal. App. 670 [14 P. (2d) 174], cited by defendants; but the decision therein may be taken as supporting plaintiff's position here

that when there is substantial evidence supporting the finding of a jury on the issue of negligence, its finding is binding on appeal.

■ There was no error in overruling defendants' objection to a question propounded to one of plaintiff's witnesses as to whether there were any clearance lights on the truck. The testimony elicited was part of the witness's description of the scene of the accident immediately after it happened, and therefore was clearly admissible.

■ The court gave an instruction to the effect that if the jury found that at the time of the collision the defendants were violating any of the provisions of the Vehicle Code referred to in the instructions, then defendants were guilty of negligence as a matter of law, and that if it further found that such negligence "solely and proximately caused the collision" plaintiff was entitled to a verdict in her favor. Defendants contend that the instruction is objectionable for two reasons: That it eliminated from the consideration of the jury the defense of contributory negligence, and that it did not explain the term "proximately caused." Neither point is well taken. The instructions must be read and considered as a whole, and it appears therefrom that at defendants' request the court gave several instructions expounding the law upon the defense of contributory negligence, wherein the jury was definitely and properly instructed that if it found "by a preponderance of the evidence that plaintiff was guilty of contributory negligence, proximately contributing to the accident" she was not entitled to damages, and its "verdict must be in favor of the defendants." It must be assumed, therefore, that the jury gave full consideration to the instructions so given. Even standing alone the instruction complained of was not erroneous because as will be noted the jury was in effect told that if the accident was proximately caused by the sole negligence of the defendants plaintiff was entitled to a verdict; and such is doubtless the law. With respect to the second point, the record shows that throughout these same instructions, which defendants themselves proposed, they employed the term "proximately caused." If, therefore, as they now claim, the use of that term required explanation, an appropriate instruction to accomplish that purpose should have been offered by them along with their other instructions.

■ During the voir dire examination of a prospective juror he stated that his office and those of defendants' attorney were

in the same building; that he knew said attorney quite well, and saw him every day. He was then asked this question: "You are also in the insurance business, aren't you, Mr. Signarowitz?" and he replied, "Yes, sir." Defendants' attorney then stated: "I cannot ask Mr. Signarowitz anything. I have known him for ten years." Thereupon the juror was excused peremptorily by counsel for plaintiff. No objection whatever was interposed to the quoted question, nor was any complaint or assignment of misconduct made as to the asking thereof; but defendants now contend that the asking thereof constituted prejudicial misconduct.

It is held generally that where alleged misconduct is not assigned as error in the trial court at the time the incident takes place, the point is not available on appeal. (*Wills* v. *J. J. Newberry Co.*, 43 Cal. App. (2d) 595 [111 P. (2d) 346], citing numerous authorities; *Aydlott* v. *Key System Transit Co.*, 104 Cal. App. 621 [286 Pac. 456].) However, regardless of the failure here to make timely complaint, there was no impropriety in asking the question. As said in *Coursault* v. *Schwebel*, 118 Cal. App. 259 [5 P. (2d) 77], "While it has been held that evidence that the defendant is insured against loss is not admissible, and that it would be improper for counsel to endeavor to get such fact before the jury by questions designed for that purpose, and that any unfairness in that respect might be regarded as prejudicial misconduct (*Pierce* v. *United Gas & Elec. Co.*, 161 Cal. 176 [118 Pac. 700]), nevertheless, it is entirely proper to ask such questions as may be reasonably necessary to ascertain whether a prospective juror is free from bias or interest and to this end to ask whether he is interested as an agent or stockholder in a specified insurance company, or the question whether he is interested in any company insuring against liability (*Arnold* v. *California Portland Cement Co.*, 41 Cal. App. 420 [183 Pac 171])." Here the question propounded did not go beyond that legitimate purpose. It implied nothing more than that besides having offices in the same building with counsel for defendant the venireman was engaged in the insurance business and that therefore he was not acceptable to plaintiff as a juror. As said also in *Coursault* v. *Schwebel*, *supra*, it has been held that a question relating to the matter of insurance, even conceding its impropriety, "cannot be said to have resulted in a miscarriage of justice unless the amount assessed by the jury as damage is disproportionate to that which the evidence reasonably shows, or defendant's liability

therefor under the evidence is a close question. (*Arnold* v. *California Portland Cement Co., supra; Eldridge* v. *Clark & Henery Const. Co.,* 75 Cal. App. 516 [243 Pac. 43]).'' Neither of those conditions is here present.

Entirely without merit is defendants' charge that certain members of the jury were guilty of misconduct during the trial. The charge is based on a statement made by one of the jurors during a conversation which took place on the morning of the second day of the trial, during a court recess, in the hall just outside the court chambers, at which were present two other jurors, the court reporter and the bailiff. The only testimony concerning the conversation was given by the court reporter and the bailiff in chambers soon after the conversation took place, and both testified positively that no reference whatever was made to the present case or to any of the facts involved. Even where it is shown that jurors have improperly talked to each other about the case before its final submission, a new trial is not justified unless it appears that prejudice to the substantial rights of a party resulted therefrom. (*MacPherson* v. *West Coast Transit Co.,* 94 Cal. App. 463 [271 Pac. 509].) Here, however, as stated, no reference whatever was made in the conversation to the present case.

Defendants' final contention is that the amount of damages awarded was grossly excessive. The record suggests no legal reason for so holding. Even though the award could be deemed generous, it is the well settled law that reviewing courts are not authorized to set aside an award of damages made by a jury as excessive merely because the opinion of the court is at variance with that of the jurors. It is only where the excess appears as a matter law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice and raise at once a presumption that it is the result of passion, prejudice, or corruption, rather than honest and sober judgment, that the court may exercise this power. (8 Cal. Jur. 834, and cases cited.) At the time of the accident, which occurred in April, 1940, plaintiff was 64 years of age, and working on a dairy, doing housework and the cooking for several men. She received $50 a month and her board and room. As the result of the accident she suffered no broken bones, but sustained severe and extremely painful injuries to her back, shoulders, neck and right side, which at the time of the trial in April, 1941, and for the preceding

four months incapacitated her from accepting any kind of employment. She was in constant pain, unable to bend over or do any lifting, or perform any kind of manual labor. Between the date of the accident and the time of trial she had consulted two doctors, and while her condition was not such as required hospitalization, she suffered constantly from severe pain which she partially relieved by taking opiates. On the second day after the accident she visited her doctor, and while she did not quit her employment at the dairy, she was unable to continue with the housework. With some assistance she carried on the cooking until December, 1940, when the dairy went out of business. Thereafter she tried other jobs, but was unable to work, and as stated, for four months preceding the trial had been unable to follow any gainful occupation and was compelled to make her home with her daughter. If her testimony is true, the jury was justified in concluding therefrom that her injuries were not of a temporary nature, and if not temporary it cannot be said that the amount of the award was excessive. The jury had full opportunity to observe her while she gave her testimony at the trial, and it was properly instructed on the matter of damages. Evidently it believed she was not a malingerer, but on the contrary that she told the truth concerning her physical condition and inability to work. The trial judge was afforded an equal opportunity with the jury to observe plaintiff's physical condition and weigh her testimony; and the fact that in disposing of the motion for new trial the amount of the jury's award was allowed to stand demonstrates that he considered it not excessive; moreover it cannot be said that plaintiff's testimony is inherently improbable. Such being the state of the record, it is not within our province as a reviewing court to disturb the amount of the jury's award.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.