[Civ. No. 20564.   Second Dist., Div. Two.   May 12, 1955.]

MICHAEL KARR, Respondent, v. CHESTER H. SHERER, Appellant.

Kennedy & Kennedy and Edward Henderson for Appellant.

John R. Danch for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries, defendant appeals.

*Facts:** On December 26, 1952, defendant was driving his automobile in a westerly direction on Thompson Boulevard in Ventura, California, just east of its intersection with Hemlock Street. Thompson Boulevard is a four lane highway, with two lanes eastbound and two lanes westbound. He was driving about 30 miles per hour.

Plaintiff was crossing Thompson Boulevard from south to north at the intersection. As plaintiff crossed the street a westerly bound pickup truck stopped in the left-hand lane to allow plaintiff to cross the street. Defendant, who had been traveling down Thompson Boulevard, turned into the right-hand lane of the westerly bound traffic, passed the pick-up truck, and the right front side of defendant's car hit plaintiff causing him personal injuries. There was no marked crosswalk across Thompson Boulevard.

*Questions*: First: *Was there substantial evidence to sustain the finding of the trial court that defendant was negligent?*

*Yes.* Section 560, subdivision (b), of the Vehicle Code, reads:

"(b) [Stopped vehicle not to be overtaken and passed.]

"Whenever any vehicle has stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."

In the present case a police officer testified that the point of impact between defendant's car and plaintiff was on the edge of the unmarked crosswalk. It is also uncontradicted

---

*The evidence is viewed in the light most favorable to plaintiff (respondent) pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [2] [146 P.2d 424].)

that a pickup truck had stopped at the unmarked crosswalk to permit plaintiff to cross the roadway, and that defendant, disregarding the requirements of section 560, subdivision (b), of the Vehicle Code, did not stop behind the pickup truck, but overtook it and passed to the right, striking plaintiff and injuring him.

Clearly violation of the law constituted negligence upon the part of defendant which was the proximate cause of the injury to plaintiff.

There is no merit in defendant's contention that the evidence discloses plaintiff was hit outside of the limits of the unmarked crosswalk. ■ Where a pedestrian, though not previously within the crosswalk, is struck by a vehicle while it is passing through it, if the pedestrian is not more than 1 or 2 feet outside of the limits of the unmarked crosswalk, the same rules are applicable as if the accident had occurred within the crosswalk. (*Cf. Nicholas* v. *Leslie,* 7 Cal. App.2d 590, 594 [4] [46 P.2d 761].)

■ Second: *Was plaintiff contributorily negligent as a matter of law?*

*No.* Plaintiff was entitled to believe that defendant would obey the law and stop behind the pickup truck which, had defendant done so, would have prevented the accident.

The jury was thus left to determine as a question of fact whether plaintiff was contributorily negligent. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [1] [45 P.2d 183].) In view of the findings in plaintiff's favor the judgment may not be disturbed by an appellate court.

The jury's findings upon conflicting evidence in favor of plaintiff on other matters is also binding on this court. ■ For example, conflicting statements made by plaintiff whether he did or did not attempt to commit suicide gave rise to a question of fact for determination by the trial jury, whose finding adverse to defendant is binding upon us.

No error appears in the record.

Affirmed.

Moore, P. J., and Fox, J., concurred.