[Civ. No. 17348.    First Dist., Div. One.    Mar. 19, 1958.]

KIRA MISHKIN, Appellant, v. ROMANO BRUNO
SANVIDOTTI et al., Respondents.

Dennis L. Woodman for Appellant.

Ropers & Majeski for Respondents.

PETERS, P. J.—Plaintiff, a pedestrian, was hit by, or ran into, a car driven by the defendant Romano Sanvidotti. The jury brought in a defendant's verdict. The plaintiff appeals from the judgment entered on that verdict. She challenges the sufficiency of the evidence, and contends that the trial court committed reversible error when it refused to give a proffered instruction. Both contentions lack merit.

The case is a typical fact case in which the evidence, as to causation, was sharply conflicting. Plaintiff, on January 21, 1951, the date of the accident, was employed at the Casa Mateo Inn, which is located in San Mateo on the east side of Bayshore Highway, and south of the intersection of Bayshore and Indian Avenue. Indian Avenue runs into Bayshore but does not cross it. Bayshore, at the time of the accident, had two marked northbound and two marked southbound lanes. Plaintiff left her place of employment on the day in question, in the company of Anna Droz, another Inn employee. It was their custom to take a northbound bus to their homes in San Francisco. This bus ran infrequently, and, if they missed it, they would cross the highway and walk over to nearby Poplar Street and catch a bus there.

On this particular day they apparently missed the bus on Bayshore. Plaintiff testified that, after waiting a substantial period, she decided to cross the highway from east to west in order to catch the Poplar Street bus. It was now raining, and, while crossing Bayshore, plaintiff carried a newspaper in her right hand and held it over her head. She testified that she crossed the northbound lanes, looking to her left. When she reached the double dividing line she stopped because

a southbound car, with its lights on, was approaching from the north. That car stopped to allow her to pass. It was in the fast lane. Plaintiff said that she then crossed the two southbound lanes, keeping a lookout to her right for southbound traffic. She testified that while crossing the southbound lanes she noticed a broken bottle on the shoulder of the highway, and was somewhat fearful of falling down. She did not run, but walked across the two southbound lanes. She had completely crossed those two lanes and had reached the west shoulder of the highway and was just taking a step off the shoulder when she was hit in the back by the car driven by Romano Sanvidotti.

This story was contradicted, in its most important details, by Romano and his witnesses. Romano testified that on the day in question, accompanied by his wife and their three children and by his mother-in-law, he left his home in San Bruno and was driving south on Bayshore, in his right, or the slow lane, at about 40 miles per hour. At about Millbrae it started to rain. He did not have his headlights on, nor did any other vehicle on the highway, because it was light and the visibility was good. He was looking straight ahead. He first saw the plaintiff when she was seven or eight feet to his left in the fast southbound lane, and when his car was six to eight feet from the point of contact. She was running fast, was shielding her head with some object, and was looking straight ahead and down. She ran into the side of his car. He did not sound his horn, put on his brakes, or swerve because he did not have time to do so, the impact occurring a split second after he first saw the plaintiff.

Mrs. Sanvidotti, in general, corroborated her husband in all essential particulars. Another witness, who was following Romano at a distance of about a hundred feet, testified that as plaintiff approached the center line of the highway he saw her running with a newspaper over her head. She ran across the southbound lanes and at no time looked to her right, looking at all times to the south, or in the wrong direction to observe oncoming traffic coming from the north. She ran into the side of Romano's left front fender, and this occurred in the slow lane of traffic. This witness did not have his headlights on and no other car that he observed had its lights lit.

A police officer, who investigated the accident shortly after it occurred, found the plaintiff lying on Bayshore about 75 feet south of the south curbline of Indian Avenue, with her

head lying about on the center line of Bayshore. It was daylight, it was raining, and visibility was pretty good. The physical evidence indicated that plaintiff was hit with the left front of Romano's car.

No witness testified as to the precise point of impact. The investigating officer testified that Mrs. Droz had fixed the point of impact 75 feet south of the intersection of Bayshore with Indian Avenue. The other witnesses, in very general terms, fixed the point of impact substantially south of that intersection.

Appellant's attack on the sufficiency of the evidence is based on the contention that Romano's evidence, which obviously supports an implied finding that she was contributively negligent, is so inherently impossible that it cannot support the verdict. This contention is predicated on the argument that because Romano testified that when he first saw appellant she was about the same distance from him that he traveled before he hit her, which would be a physical impossibility, all of his evidence should be disbelieved. Appellant contends, with some logic, that it is impossible for a woman, even if she is running, to cover the same distance in the same interval of time as an automobile traveling at least 40 miles per hour. But this inconsistency is not fatal. Obviously, Romano was inaccurate in one or both of his estimates. Either appellant was closer to the point of impact than Romano estimated, or Romano was farther away. But this inconsistency was apparent. It was apparent that the distances testified to were mere estimates. There is other substantial evidence in the record. The evidence of the witness who was following Romano's car, and of Romano, shows that appellant was running across a busy highway, shielding herself in the rain, and not looking in the direction from which traffic could be anticipated. All of the testimony, with the exception of that of appellant, is to the effect that none of the cars on Bayshore had its lights on. No one, except appellant, testified about a car in the fast lane with its lights on stopping for her to pass. All of the other witnesses agree that appellant was running across the highway. All of the witnesses, except appellant, agree that she ran into the left front side of Romano's car while he was traveling in the slow lane. Appellant's story that she was on the shoulder of the highway when hit is contradicted by the other witnesses and by the physical facts.

On this evidence the jury could have found either that

Romano was not negligent, or that, if he was, appellant was contributively negligent. The jury was fully and correctly instructed on these issues, and also fully instructed on the doctrine of last clear chance. The evidence supports the implied finding that, after Romano saw appellant in her perilous position, he had no reasonable opportunity to avoid the accident.

Attacks on estimates of distance, or time intervals, are common. Inaccuracies in these respects are frequent. It has frequently been held that such obvious inaccuracies do not render the entire testimony of a witness inherently improbable. The jury can add and substract. They saw and heard the witnesses. It is their function to weigh the evidence, and to determine what effect, if any, should be given to such inaccurate estimates. (*Cucuk* v. *Payne*, 140 Cal.App.2d 881 [296 P.2d 7].) The evidence is substantial and convincing in support of the verdict.

The appellant requested the court to give, and it refused, the following instruction: "Where the pedestrian, though not previously within the crosswalk, is struck by the vehicle while it is passing through it, if the pedestrian is not more than one or two feet outside of the limits of the unmarked crosswalk the same rules are applicable as if the accident had occurred within the crosswalk."

Where there is testimony that the plaintiff was injured within a short distance of an unmarked crosswalk such an instruction is proper. (*Karr* v. *Sherer*, 132 Cal.App.2d 835 [283 P.2d 376].) But here appellant's counsel did not produce the indispensable evidence required before such an instruction is proper. The burden was, of course, on appellant. There was not one word of testimony that the accident happened within one or two feet of any unmarked crosswalk, or as to where the limits of such crosswalk were located, if one existed. The trial court instructed on Vehicle Code, sections 560 and 562, relating to the duties of automobile drivers toward pedestrians, and the rights and duties of pedestrians crossing at intersections, or other than intersections. The subject of proximate cause was adequately covered in the instructions.

Thus, the jury was adequately instructed on the issues involved. The refusal of the proposed instruction was proper under the evidence.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.