[Civ. No. 4672. Second Appellate District, Division Two.—November 19, 1927.]

ANNA MILNER, Respondent, v. W. O. TOLIVER, Appellant.

OLIVE MILNER, Respondent, v. W. O. TOLIVER, Appellant.

W. I. Gilbert for Appellant.

Joseph Musgrove and Fred O. McGirr for Respondents.

PEARIS, J., *pro tem.*—The appeal in the above-entitled action is from two verdicts by a jury in the consolidated cases, one in favor of Anna Milner for two thousand dollars and one in favor of Olive Milner, her daughter, in the sum of one thousand dollars. These actions grew out of an accident occurring about 9:50 P. M. on the eighteenth day of February, 1922, at or near the intersection of Alvarado and Sixth Streets in the city of Los Angeles. The plaintiffs were crossing Alvarado Street from the southeast corner of Alvarado and Sixth Streets to the westerly side of Alvarado Street, and were struck by the car of defendant. Plaintiffs allege negligence on the part of defendant and the answer alleges contributory negligence on the part of plaintiffs. It was contended by plaintiffs that they were crossing Alvarado Street after having looked in both directions, particularly, first to the south and after they crossed the street-car lines, to the north; that they did not see any car but the street-car until the automobile was within about a foot of them; that they were walking at a moderate rate of speed and were within about six feet of the west side of Alvarado Street when hit by the car. The defendant claims that they were proceeding westerly on Sixth Street and had stopped at the intersection of Sixth and Alvarado Streets before starting into the intersection; that there was no one on the street when they started to make the turn except the street-car which was at the south side of Sixth Street, just west of Alvarado Street, preparing to turn south on

Alvarado Street; that they were going about fifteen to eighteen miles an hour and did not see the plaintiffs until they observed them just in front of the car, running across to the west. The evidence of J. W. Bond, a motorman on the street-car was that at the time he first saw the plaintiffs they were just west of the west car track on Alvarado Street and that they moved about ten feet further before they were hit by the automobile; that the automobile was twenty-five to fifty feet north of the plaintiffs when he first observed them and that it hit them, as stated, when the plaintiffs had moved about ten feet farther. The evidence shows that the plaintiffs were hit while crossing to the west curb about six or eight feet from the west curb. The motorman of the street-car testified that the defendants were going more than twenty miles an hour and he said in a statement made soon after the accident, that they were going probably thirty-five miles. A passenger on the street-car stated that the plaintiffs were running across the car tracks and that the defendant was going faster than twenty miles an hour and possibly not thirty. Both of these witnesses testified that the defendant crossed in front of the street-car after the bell was rung by the motorman. One of them stated that he believed that the automobile speeded up.

Considering the evidence in the light of the testimony of either of these witnesses and that of the plaintiffs and of defendant and his wife, if the plaintiffs were moving at an ordinary gait, they were not going more than three miles an hour, and according to defendant's wife, the defendant was moving about fifteen miles an hour, or about five times as fast as plaintiffs. If we take the testimony of plaintiffs that they were walking across the street, the first notice of danger would have been after the defendant's car turned south and allowing the greatest distance estimated by witness Bond to be fifty feet between plaintiffs and defendant, and the speed of the defendant to be fifteen miles per hour they would have reached plaintiffs in about two seconds. If, on the contrary, we consider that plaintiffs were running at six miles per hour, then defendant would have traveled about thirty miles an hour. The relative speed, as the testimony shows, would have been five or six or more times as fast on the part of defendant, and if the

plaintiffs were running the speed of defendant, then he would have been that much more negligent. There is nothing in the evidence to show that there was any reason why the plaintiffs should not cross Alvarado Street directly south of Sixth Street from curb to curb, and while they had the same right in the street as the defendant, the law places more of a burden upon those who turn in an intersection than it does upon those who go straight across the street. Outside of the street-car, which did not preclude the crossing of the plaintiffs, there seems to have been no other object to interfere with the view of the defendant or of the plaintiffs. There is no evidence that any sound or signal was given by the defendant which could have been observed by the plaintiffs until the lights flashed upon them. The law requires that those turning at an intersection shall see that the way is clear. The evidence of the motorman on the street-car is that the plaintiffs were across the car tracks and moving directly to the west at about the time the automobile passed in front of his car and his view was apparently not obscured until the automobile hit the plaintiffs. This tends to show that the plaintiffs were moving in accordance with the law and at a proper speed and that there was no reason on the part of the defendant for not having observed plaintiffs at least after the turn of the defendant's car south on Alvarado Street. The light would not have in any way attracted plaintiffs so as to warn them before that turn was made.

Taking the evidence of plaintiffs and the other two witnesses, it would appear that the car of defendant was going at least five times as fast as the plaintiffs, who were, according to the motorman, west of the street-car tracks at the time the turn was made by the defendant.

This is a sufficient discussion of the testimony to show the conflict therein and that the facts were such as should have been and were determined by the jury. There is no particular dispute as to the injury suffered, and only two questions seem to be raised by the briefs of appellant and respondent.

Whatever conflict of evidence there was, was in regard to the alleged contributory negligence of plaintiffs and the negligence of the defendant. The jury by their verdict must have found the plaintiffs not guilty of contributory

negligence and the defendant guilty of negligence, or they could not have rendered a verdict in favor of plaintiffs. This conflict of evidence is a matter for the jury and after being passed upon by them, is not to be disturbed by this court. In the case of *Moss* v. *Boynton Co.*, 44 Cal. App. 476 [186 Pac. 631], it is said: "Contributory negligence 'is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. . . . When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' (*Zibbel* v. *Southern Pac. Co.*, 160 Cal. 237, 240 [116 Pac. 513]; *Wing* v. *Western Pac. Co.*, 41 Cal. App. 251 [182 Pac. 969].) And the question of contributory negligence must be determined without regard to any negligence on the part of defendant. (*Hutson* v. *Southern Cal. Ry. Co.*, 150 Cal. 701 [89 Pac. 1093].)"

The only other point raised is whether the instruction of the court which reads as follows, "The liability is placed upon the party inflicting the injury if immediately before the actual infliction of the injury the injured person was in such a situation as to be unable by the exercise of reasonable and ordinary care on her part to extricate herself, and vigilance on her part would not have averted the injury," was of such a nature as to materially affect the verdict of the jury against defendant when considered in connection with all of the other instructions given by the trial court.

The instruction complained of is not an instruction on the doctrine of the last clear chance, nor is this a case where an instruction on that doctrine is allowable for the reason that contributory negligence must be presupposed to make the doctrine applicable, therefore it becomes a question of whether the jury put such a construction on it, considered

with all the other instructions, as to affect the substantial rights of the defendant.

There being a conflict of testimony as to negligence of the parties and the jury having passed on the evidence, and as the instruction complained of could be harmonized with other instructions in case there was no contributory negligence, no prejudicial error is found in the instruction taken as a whole. In the case of *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36], it is said: "The appellant complains of the giving of one instruction which is justly subject to the criticism that it was likely to be misleading. It should not have been given without further qualifications or explanation, but it is not probable that the jurors were misled thereby under the evidence herein."

The words quoted from the opinion in *Palmer* v. *Tschudy*, *supra*, seem very appropriate in this case for we find nothing in the evidence as given in the transcript which would warrant a finding of contributory negligence on the part of the plaintiffs. On the contrary, the plaintiffs were crossing Alvarado Street on the south side of Sixth Street toward the west, and were past the center of Alvarado Street before the defendant turned south thereon, and the plaintiffs were moving at least at an ordinary pace or faster, according to the defendant's testimony, and were within six or eight feet of the west curb when struck by defendant's car. Quoting the criticism of the court in the case cited above in connection with the instruction complained of here we say: "It should not have been given without further qualifications or explanation," but under all the evidence in this case it is not probable that the jurors were misled, or would have rendered any different verdict had the instruction complained of not been given.

The judgment is therefore affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1928.

All the Justices concurred.