[Civ. No. 2086. Fourth Appellate District.—May 22, 1939.]

JOHN POORE, a Minor, etc., Appellant, v. EDGAR BROS. CO. (a Corporation), Respondent.

Wolford & Heald and C. G. Halliday for Appellant.

S. P. Williams for Respondent.

BARNARD, P. J.—This is an action for damages for personal injuries. The appeal is from a judgment of dismissal following the sustaining of a demurrer to a second amended complaint. The sole question presented is whether this complaint stated facts sufficient to constitute a cause of action.

On January 29, 1937, one Dan Poore purchased from the respondent a second-hand 1936 Ford automobile. On February 5, 1937, while riding in this car, the appellant was injured by broken glass from the right front door thereof, the glass being broken in a collision between that car and another automobile. At that time section 675.5 of the Vehicle Code required safety glass on any new motor vehicle sold after January 1, 1936, but there was no such provision in connection with the sale of a second-hand car.

The gist of the complaint is that shatter-proof glass was the standard and advertised equipment of 1936 Ford cars; that the respondent was guilty of negligence in that it had knowingly replaced the glass in the right front door of this car with

an inferior grade of glass; that without fault of the appellant the glass in this door was broken by a blow which would not have broken shatter-proof glass; and that such negligence on the part of the respondent was the proximate cause of the injuries suffered by the appellant.

The appellant relies upon the principles laid down in *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382 [111 N. E. 1050, Ann. Cas. 1916C, 440, L. R. A. 1916F, 696], and approved in *Kalash* v. *Los Angeles Ladder Co.*, 1 Cal. (2d) 229 [34 Pac. (2d) 481], to the general effect that the manufacturer of an article, knowing that it is to be used by others than the immediate purchaser, is liable to such others for injury which is directly traceable to negligence on the part of the manufacturer, if the nature of the article is such that it is reasonably certain to place life and limb in peril when negligently made and, further, that when a manufacturer or vendor sells an article which because of known structural weaknesses will be inherently dangerous to those using it for the purpose for which it was manufactured or sold, such defects and such purpose being known, the manufacturer or vendor will be held liable to respond in damages to one who is injured while using the article for that purpose, in the absence of contributory negligence or other valid defense.

In discussing the MacPherson case, and another similar case, the court in *Cohen* v. *Brockway Motor Truck Corp.*, 240 App. Div. 18 [268 N. Y. Supp. 545], said:

"In each of those cases the defective part in the automobile rendered it, while in motion, a 'thing of danger', and an accident, which was almost inevitable, resulted.

"Certain defective parts make an automobile either inherently or imminently dangerous; others do not. In *MacPherson* v. *Buick Motor Co.*, *supra*, Judge Cardozo stated: 'There must be knowledge of a danger, not merely possible, but probable. It is possible to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract. Whether a given thing is dangerous may be sometimes a question for the court and sometimes a question for a jury.' "

The liability of a manufacturer or vendor under the rules here relied upon is for such negligence, in the construction of an article, as renders the same inherently dangerous if

used for the purpose for which it was intended. These rules have no application where an article is not inherently dangerous for its intended use, and where it becomes dangerous only when something else intervenes. While defective wheels or brakes on an automobile make it inherently or imminently dangerous, danger being a probable rather than merely a possible result of its use, the same may not be said of the use of ordinary glass instead of safety glass in its windows. Automobiles are intended to run upon the highways and to be kept under control, but the glass in their windows is not intended to withstand blows as a part of its ordinary use. While such windows may be broken, and frequently are, this is due to intervening causes and not to the fact that they are inherently dangerous for the purposes for which they were intended. Cars ran for years with ordinary glass in the windows and the new statutes requiring safety glass were adopted not because other glass was inherently dangerous in the intended use of a car but because of the greater likelihood of intervening causes of danger, due largely to the increased number of cars on the road. The resulting danger is one arising from outside sources rather than from any inherent danger in the article itself.

Even if we assume that the respondent was negligent in installing the glass in question, it appears from the allegations of the complaint that the injuries complained of resulted from a blow from an outside source. In *Johnson* v. *Union Furniture Co.*, 31 Cal. App. (2d) 234 [87 Pac. (2d) 917], the court said:

''It is well settled that in order to maintain an action for damages based on the wrongful act or neglect of another, a plaintiff must allege and prove that the wrongful act of the defendant was a direct and proximate cause of the injury. . . . And in this connection it is held generally that the word 'proximate' is intended to mean direct or immediate, as opposed to remote (*Straten* v. *Spencer*, 52 Cal. App. 98 [197 Pac. 540]); and that negligence requiring the interposition of new and independent agencies to cause injury is remote (*Oakland Bank of Savings* v. *Murfey*, 68 Cal. 455 [9 Pac. 843]). Moreover, in determining the question of proximate cause, care must be taken to avoid confusing two elements which are separate and distinct, namely, that which causes

the injury, and that without which the injury would not have happened. For the former the defendant may be liable, but for the latter he may not; that is to say, in order to make a defendant liable his wrongful act must be the *causa causans,* and not merely the *causa sine qua non.* . . . Furthermore, if, subsequent to the initial cause, a new efficient cause intervenes to affect the injury, having its origin independent of the initial cause, or having its origin therein could not reasonably have been foreseen by a person of ordinary intelligence and prudence as a natural and probable result thereof, it supersedes the initial cause, breaks the connection between the initial cause and the effect, and becomes a proximate cause of the injury rendering the initial cause remote.''

The appellant argues that whether or not negligence on the part of the respondent was the proximate cause of his injuries, and whether or not there was an intervening cause without which the injury would not have happened, are questions of fact which should have been submitted as such to the court or a jury. If we assume, however, that appellant's injuries would not have been sustained if safety glass had been installed in this door, the fact remains that such injuries were immediately and directly caused by an outside source with which the respondent had no connection, rather than by any inherent defect in the glass. We think it appears as a matter of law that the respondent's negligence, if any, was not the proximate cause of the appellant's injury. (*Stultz* v. *Benson Lumber Co.*, 6 Cal. (2d) 688 [59 Pac. (2d) 100].)

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.