[Civ. No. 4046. Fourth Dist. May 24, 1950.]

F. W. MOON et al., Respondents, v. ALFRED PAYNE et al., Appellants.

Walch & Griswold for Appellants.

Sidney J. W. Sharp, Herbert M. Braden and Lawrence W. Clawson for Respondents.

MUSSELL, J.—Plaintiff, Jean Ann Moon, aged 5 years, sustained injuries from a fire set by the defendant in the city of Coalinga. At the time defendant was burning dead bean vines which he had raked off his garden patch into a small pile in the alley near his home.

After the defendant had ignited the bean vines and the fire had burned to coals, he noticed three children, including the plaintiff, Jean Ann Moon, in the vicinity. When the defendant first noticed the children, they were approximately 5 feet from the fire and he looked toward them, told them not to get around the fire and to go home. After the children had been thus warned, they all started down the alley and defendant watched them until they were about 20 feet away from the fire. He then turned back to his work of cleaning

the garden and remained within approximately 25 feet of the live coals. Within two or three minutes he heard a whimper, looked around and saw that the plaintiff's slacks had caught on fire. He picked her up, tore off the burning slacks and carried the child to her parents, who were next door.

Plaintiff sustained disabling and painful burns and the present action was brought to recover damages for the injuries sustained. Trial was had by the court without a jury and judgment was rendered in favor of plaintiff.

It was shown at the trial that the defendant violated ordinance Number 255 of the city of Coalinga, the pertinent part of which is as follows:

"Section 4. It shall be unlawful for any person to burn or bury any garbage in the yard or open space within the city or to burn any rubbish, paper or other materials in any yard or open place within the city without first obtaining a written permit so to do from the fire chief."

The trial court found that the defendant had violated the above provision of the ordinance; "that said violation is without justification or excuse and constitutes an act of negligence per se which the court finds to be the proximate cause of the injuries and loss and damages sustained by Jean Ann Moon, and the loss and damages sustained by F. W. Moon and Vernice Moon." The court further found "that the defendant was only guilty of the negligence above referred to"; "that by reason of said act of negligence of the defendant, Alfred Payne, which act of negligence the court finds to be the proximate cause of the injuries and loss and damages sustained by Jean Ann Moon and the loss and damages sustained by F. W. Moon and Vernice Moon."

The question here involved is whether the foregoing findings are sufficient to support the judgment; it being conceded that the defendant failed to obtain the written permit required by the ordinance.

An act or failure to act below the statutory standard is negligence per se, or negligence as a matter of law and an act which is performed in violation of an ordinance or a statute is presumptively an act of negligence, but the presumption is not conclusive and may be rebutted by showing that the act was justifiable or excusable under the circumstances. Until so rebutted, it is conclusive. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 588, 589 [177 P.2d 279].) It is also necessary to show that the violation was a proximate contributing cause of the injury. (*Satterlee* v. *Orange Glenn*

*School Dist., supra,* 590; *Dennis* v. *Gonzales,* 91 Cal.App.2d 203, 207 [205 P.2d 55]; *Eigner* v. *Race,* 54 Cal.App.2d 506, 512 [129 P.2d 444]; *Le Blanc* v. *Browne,* 78 Cal.App.2d 63, 72 [177 P.2d 347].)

In the instant case it is apparent from a reading of the ordinance in question that the act of burning rubbish, paper or other materials within the city is not prohibited. The prohibition is that a permit from the fire chief must first be obtained. There is no evidence in the record to create a causal connection between the failure of the defendant to procure a license and the injury sustained.

In *Arrelano* v. *Jorgensen,* 52 Cal.App. 622 [199 P. 855], the parents of a minor were held not liable for damages sustained in a collision of an automobile owned by such minor and negligently operated by him, from the mere fact that they knowingly permitted him to operate the machine without the license required by law, in the absence of any evidence causally connecting the absence of the license with the injuries. The court said, at page 624:

"By no stretch of the imagination could it be said that the plaintiff would have been saved these injuries had the operator of the automobile renewed his operator's license for the year 1920. Therefore, even if it be conceded that the parents had the full control of the son and consented to his operation of the machine without an operator's license, this violation of law on their part had nothing whatever to do with the injuries for which the plaintiff seeks to recover. As was said in *Shimoda* v. *Bundy,* 24 Cal.App. 675 [142 P. 109]: 'One who violates an ordinance wherein a penalty is fixed for noncompliance with its provisions may be subjected to the penalties therein prescribed, but he cannot, in addition thereto, be deprived of his civil right to recover damages, perhaps in many thousands of dollars, sustained by reason of the negligence or wrong of another, when such violation bore no relation to the injury and did not contribute in the remotest degree thereto'."

In *Strandt* v. *Cannon,* 29 Cal.App.2d 509, 518 [85 P.2d 160], this court held, in an automobile collision case, that the operator's negligence is to be determined by the facts existing at the time of the accident, and whether the operator had a license to operate an automobile under the laws of this state is immaterial unless there is some causal relationship between the injuries and the failure to have a license or the violation of the statute in failing to have one.

In *Shimoda* v. *Bundy,* 24 Cal.App. 675 [142 P. 109], it was held that the failure of a driver of a motorcycle to register it as required by ordinance as a condition to lawfully operating it on the streets of a city, did not bar his right to recover for negligently being struck by the driver of an automobile.

*Roos* v. *Loeser,* 41 Cal.App. 782 [183 P. 204], was an action for damages sustained by plaintiff by reason of the killing of a dog. It was there held that plaintiff could not be charged with contributory negligence because of the fact that her dog was upon the public streets without being licensed, where her omission to comply with the ordinance requiring dogs to be licensed did not contribute to the incident which caused the death of the dog.

The principles set forth in the foregoing cases are applicable in the case before us and while the question of probable cause is ordinarily one for the trier of fact (*Dennis* v. *Gonzales, supra,* 207), it becomes one of law in the instant case when there is no evidence that the failure of defendant to obtain the permit was a proximate cause of the injuries sustained (*Satterlee* v. *Orange Glenn School Dist., supra,* 590). For aught that appears in the record, plaintiff might have sustained the injuries complained of even though the defendant had in fact procured the required permit. The trial court found that the defendant was only guilty of negligence in failing to comply with the ordinance and that such failure was the proximate cause of the injuries sustained. These findings are not sufficient to support the judgment.

Judgment reversed.

Griffin, Acting P. J., and Shepard, J. pro tem., concurred.

A petition for a rehearing was denied June 5, 1950.