[L. A. No. 22372.   In Bank.   Oct. 31, 1952.]

EUGENE FAROLE, a Minor, etc., Respondent, v. CARL J. EICHMAN et al., Appellants.

C. F. Jorz for Appellants.

Paul W. Westerlund, George E. Atkinson, Jr., and John W. Pares for Respondent.

GIBSON, C. J.—A bicycle upon which plaintiff was riding with another boy was struck by a truck owned by defendant corporation and driven by defendant Eichman. A jury awarded plaintiff damages for the injuries which he received, and defendants have appealed from the judgment rendered against them.

On the day of the accident plaintiff, who was 14 years old, and his friend, Louis, 15, were together at the intersection of Broadway and Junipero in the city of Long Beach. The two boys spent some time in a drugstore on the northeast corner of the intersection and then left there intending to cross Broadway to another shop which was located on the southeast corner. Louis, who had his bicycle with him, got on its seat in order to ride it across the street, and plaintiff sat on the handlebars, facing frontwards, with his feet hanging down. It was 7:40 p.m. on a September evening, the weather was clear and dry, the street lights were on, and the intersection was well illuminated. Louis waited for a westbound car to pass, pedalled the bicycle into the pedestrian crosswalk, and moved across Broadway at a speed of 3 miles per hour, with plaintiff riding on the handlebars. At a point in the crosswalk about 5 feet south of the center line of Broadway, the bicycle was struck on the right rear side by an eastbound truck driven by defendant Eichman. The truck approached the intersection at a speed of approximately 50 miles per hour, and the driver gave no warning and did not apply his brakes until

he was well into the intersection. At the point of collision the truck was travelling about 30 miles per hour. Plaintiff did not see the truck at any time before it struck the bicycle. Louis was injured and plaintiff suffered a broken right arm and numerous abrasions along his right side, hip and leg.

There is ample evidence to support the implied finding that the driver of the truck was negligent, but defendants contend that the record shows, as a matter of law, that plaintiff was guilty of contributory negligence. At the time of the accident a city ordinance forbade persons from riding a bicycle other than on its regular seat or seats, and defendants argue that plaintiff's act of riding the handlebars in violation of the ordinance constituted negligence *per se* and bars recovery.

Even if it be assumed, however, that plaintiff's violation of the ordinance was not excusable or justifiable and constituted negligence *per se,* it does not follow that his right to recover is barred. It must appear, in addition, that violation of the ordinance was a proximately contributing cause of the injury. (*Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581, 590 [177 P.2d 279].) Whether the violation constitutes such contributing cause is ordinarily a question of fact and becomes a question of law only when it appears that but one inference can reasonably be drawn from the evidence. (*Satterlee* v. *Orange Glenn School Dist., supra,* 29 Cal.2d 581, 590.)

Defendants argue that plaintiff would not have been struck. if he had not been riding on the handlebars, hence that his violation of the ordinance was necessarily a proximate cause of his injuries. In effect, we are asked to hold as a matter of law that plaintiff would not have been in the area of danger in the crosswalk if he had been crossing the street on foot with Louis instead of riding the handlebars, but it is obvious that the record does not compel such a conclusion.

Plaintiff had a right to be in the crosswalk at the time and place where the collision occurred, and while it is true that he should not have been on the handlebars, the jury could reasonably find that this fact was not a proximate cause of his injury but was merely an accompanying circumstance. (*Cf. Sharick* v. *Galloway,* 19 Cal.App.2d 693, 695, 696 [66 P.2d 185].) As we have seen, the truck driver approaching the intersection at a high rate of speed did not apply his brakes until he was so close to the boys that he was unable to avoid striking them. No warning was given, and plaintiff was not aware of the danger. The question whether

plaintiff's conduct contributed proximately to the accident was properly submitted to the jury, and we cannot say that its implied finding in his favor is unreasonable. *Hopkins* v. *Galland Mercantile L. Co.*, 218 Cal. 130, 133 [21 P.2d 553], and *Leek* v. *Western Union Tel. Co.*, 20 Cal.App.2d 374, 376 [66 P.2d 1232], relied on by defendants, are distinguishable. In each of those cases the plaintiff's negligence consisted of violating an ordinance which forbade him from being at the location where he was struck, and the circumstances were such that it could clearly be said that the accident would not have occurred had he obeyed the law.

Defendants also argue that plaintiff was guilty of contributory negligence because the bicycle was not equipped with lights, in violation of section 622 of the Vehicle Code, and plaintiff rode on it knowing that it had no lights. As we have already seen, however, the intersection was well lighted at the time of the accident, and the truck struck the bicycle from the side. Accordingly, the jury was entitled to conclude, as it did, that the lack of lights on the bicycle did not constitute a proximate cause of the accident. (*Cf. Flynn* v. *Kumamoto*, 22 Cal.App.2d 607, 608-609 [72 P.2d 248].)

Defendants next contend that the court, in commenting on an instruction, erroneously told the jury that it might compare the negligence of the parties in order to determine the proximate cause of the accident. The court gave the following instruction: ''The law forbids you to attempt to classify negligence into degrees, or grades or kinds, or to compare one instance of negligence with another and judge which is more deserving of reproof or excuse. If you should find that there was negligent conduct on the part of more than one person, you are not to attempt to determine which was guilty of the greater negligence, with a view to delivering a verdict in favor of, or to favor in any way, the one whose conduct was less reprehensible. If you should find that any party to this action was, or all were, negligent, you will follow the Court's instructions in determining whether or not liability should attach, and do so without regard to how you might grade or compare the negligence involved, if permitted so to do.'' (See *Lund* v. *Pacific Electric Ry. Co.*, 25 Cal.2d 287, 294 [153 P.2d 705].) In commenting orally on the above instruction, the court told the jury, ''you cannot compare negligence for the purpose of ascertaining who was more reprehensible [but] you are entitled to compare the negligence in order to determine what negligence, if any, was a proximate

cause of the accident.'' The language used by the court in its comments was unfortunate, but since the law was clearly and correctly stated in the instruction and the jury was accurately instructed elsewhere on the subject of proximate cause and contributory negligence, we are satisfied that no miscarriage of justice resulted. (Cal.Const., art. VI, § 4½.)

The other claims of error made by defendants are wholly without merit and need not be discussed.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.