[Civ. No. 15197. First Dist., Div. Two. Jan. 2, 1953.]

LEITHA R. KNOWLES, Appellant, v. ROBERTS-AT-THE-BEACH COMPANY (a Copartnership) et al., Respondents.

Richard J. Carew and Lorne M. Stanley for Appellant.

Boyd, Taylor & Reynolds for Respondents.

NOURSE, P. J.—Plaintiff, Leitha R. Knowles, a woman of over 30 was injured when, dining as a patron in defendants' restaurant, she took part in a hobbyhorse race organized by defendants for the amusement of their patrons. The jury found for defendants and plaintiff appeals. She assigns two errors: (1) As a matter of law she had assumed no risk and it was therefore error to submit the issue of assumption of risk to the jury. (2) It was error to exclude evidence of violation by defendants of section 1049 of the Police Code of San Francisco which requires persons operating any "... swing, slide or mechanical amusement contrivance for the purpose of conveying human beings" to

have it inspected by the Department of Public Works or a duly qualified safety inspector before a license therefor is granted.

Appellant contends that as a matter of law there can be no question of assumption of risk because the testimony of plaintiff is uncontradicted that plaintiff had never seen a hobbyhorse before, did not know the danger involved, and upon inquiry from an attendant was told there was no danger. The evidence does not support the argument. Testimony was given that before the race started an attendant announced through loud-speakers: ''Some of the horses are wild and some tame, take your own chances.'' Respondents point out that normally assumption of risk is a question of fact for the jury. *Calame* v. *Stevens,* 110 Cal.App.2d 45 [242 P.2d 109]; *DeGraf* v. *Anglo California Nat. Bank,* 14 Cal.2d 87, 100 [92 P.2d 899]. Plaintiff knew that she was entering a race with hobbyhorses on a dance floor in which there was some danger of injury; there was evidence that the master of ceremonies announced that some of the horses were wild and some tame, which circumstance could have put a woman of her age on notice of possible danger. She saw the horse before her and went 6 to 8 feet on it before falling, during which time she had opportunity to become aware of the way the hobbyhorse functioned. There is then sufficient doubt to submit the matter to the jury.

Moreover plaintiff herself offered an instruction on assumption of risk, which instruction as amended was given by the court. She is then precluded from arguing on appeal that the matter should not have gone to the jury. *Ray* v. *Kennedy,* 24 Cal.App.2d 583 [76 P.2d 147].

Appellant also urges that by taking part in the race which was a floor show to amuse the patrons for the benefit of defendants she became their unpaid employee and that section 2801(a), Labor Code, excludes the defense of assumption of risk in a personal injury action of an employee. Appellant cites as only authority *Edwards* v. *Hollywood Canteen,* 27 Cal.2d 802 [167 P.2d 729], a personal injury action by a radio actress, rendering gratuitous services as hostess at the canteen, who was thrown to the floor by a service man who jitterbugged with her against her will. The case does not hold that she was an employee. It holds that with respect to workmen's compensation she was not an employee under section 3351, Labor Code, which requires an appointment or contract of hire, express or implied, and does not

include voluntarily donated service, but that such is not decisive as to the question of assumption of risk. Section 2801(a) Labor Code. However the court did not decide whether she was an employee for that purpose because she could at any rate not have accepted the risk of the jitterbugging which took place against her will. The case is therefore not authority for appellant. Whether appellant was an employee with regard to section 2801 will depend on the definition of employment in section 2750, Labor Code, formerly section 1965, Civil Code, and the general rules of Master and Servant in 16 California Jurisprudence, page 958. It would seem that in a situation such as in this case there is neither subjection to direction of a master nor any intent to serve him, but only the intent of the patron to amuse herself. Furthermore, if she were an employee under the terms of the compensation act, she is now in the wrong forum. Her claim should have been made to the Industrial Accident Commission which would have exclusive jurisdiction.

██ The court sustained an objection to introduction in evidence as to a city safety ordinance on the ground that there was no evidence that violation of said ordinance could be a proximate cause of plaintiff's injury. The court expressly gave plaintiff opportunity to introduce evidence as to the causal relation, but no further evidence, except that no license was taken out and that the ordinance was in force, was offered.

██ Whether the violation of an ordinance constitutes a proximately contributing cause of the injury is ordinarily a question of fact and becomes a question of law only when it appears that but one inference can reasonably be drawn from the evidence. *Farole* v. *Eichman,* 39 Cal.2d 822, 824 [249 P.2d 261] ; *Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581, 590 [177 P.2d 279]. Appellant relies on *Andreen* v. *Escondido Citrus Union,* 93 Cal.App. 182, 187 [269 P. 556], in which it was held that evidence that a fumigator had not taken out a license as required by statute was admissible as evidence of negligence in an action for fumigation damage to an orchard; and *Cragg* v. *Los Angeles Trust Co.,* 154 Cal. 663, 667 [98 P. 1063, 16 Ann.Cas. 1061], which held that the employment of an unlicensed elevator operator in violation of a municipal ordinance requiring examination and licensing was, except for excusing evidence, negligence *per se.* ██ She further reasons that the ordinance is a

safety ordinance and that it was reasonably possible that the safety inspector would have condemned the hobbyhorses as unsafe, in which case the accident could not have taken place. Respondents deny that the hobbyhorses were mechanical amusement contrivances coming under the ordinance, and rely on *Strandt* v. *Cannon,* 29 Cal.App.2d 509, 517-518 [85 P.2d 160] to the effect that lack of a driver's license is no prima facie evidence of incompetence of the driver or his negligence in causing the accident; *Wysock* v. *Borchers Bros.,* 104 Cal.App.2d 571, 583 et seq. [232 P.2d 531] which holds reversible error to admit lack of driver's license in evidence in an intersection collision case and *Moon* v. *Payne,* 97 Cal. App.2d 717, 719 [218 P.2d 550], which reversed a judgment for plaintiff, a child who burned herself at a fire set by defendant without a license, which judgment was solely based on negligence *per se* on the ground that there was no evidence in the record to create a causal connection between the absence of a license and the injury. It is argued that there was no evidence that the hobbyhorses were in any respect dangerous or defective.

Summarizing, the horse race was conducted for the amusement of the patrons; a bottle of champagne was the prize for the winner; the contestants were all warned that there was some danger of falling off. The situation is the same as a bucking bronco contest in a public rodeo. The contestants are all aware of some danger, but they assume the risk for the prize offered. The assumption of the risk herein is the controlling factor. The absence of an inspection was not a contributing cause in any sense of the word. The element of some danger was the attraction which moved the customers to participate in the contest. If the jury had found for the plaintiff on the sole ground of the absence of a license to operate, it would have been a clear miscarriage of justice.

Judgment affirmed.

Dooling, J., concurred.

A petition for a rehearing was denied January 31, 1953.