[Civ. No. 19986. Second Dist., Div. Three. June 18, 1954.]

MAYBELLE H. KALFUS, Respondent, v. VIRGIL
BLANE FRAZE, Appellant.

Robert A. Cushman for Appellant.

Joseph W. Fairfield and Ethelyn F. Black for Respondent.

SHINN, P. J.—This is an action for damages for personal injuries suffered by a pedestrian when struck by an automobile. The jury returned a verdict for defendant. Defendant appeals from an order granting plaintiff's motion for a new trial on the ground of insufficiency of the evidence to sustain the verdict. ▮ On appeal from such order, the issue is whether there was evidence which would have sustained a judgment in favor of the moving party. (*Gallardo* v. *Luke*, 33 Cal.App.2d 230 [91 P.2d 211] ; *Nicholas* v. *Leslie*, 7 Cal.App.2d 590 [46 P.2d 761].) We have only to determine whether there was evidence which would sustain findings that defendant was negligent and that plaintiff was free of contributory negligence. Defendant's argument is essentially a request that this court reweigh the evidence, and accept as established those facts testified to by his own witnesses which were most favorable to his defense, in disregard of the fact that our jurisdiction on appeal is limited to the review of questions of law.

Plaintiff was struck by the automobile of defendant as she was crossing Glendale Avenue at Doran Street in the city of Glendale, at about 5:15 p. m., December 6, 1951. Doran Street west of Glendale Avenue is 36 feet wide. Glendale Avenue is 58 feet wide. Doran Street east of Glendale Avenue is 30 feet wide and jogs about 35 feet to the south. The northern marked pedestrian crosswalk, which connects the northeast corner of the intersection with the northwest corner, extends northwesterly and southeasterly, with the western end about 25 feet north of the eastern end. On the east side of Glendale Avenue to the north of the intersection there is a food market, one exit of which is some 30 feet north of the above-described crosswalk. At the time of the accident it was dusk, and the street lights had been turned on. Plaintiff was walking across Glendale Avenue toward the northwest corner of the intersection. It was disputed whether she was within the crosswalk or crossing to the north of it. Defendant was traveling east on Doran Street at a moderate speed, with his headlights turned on. As he reached the intersection the traffic signal governing traffic on Doran Street was green, and he rounded the corner and turned north on Glendale Avenue. He had completed or nearly completed the turn when the right front portion of his automobile struck the plaintiff, knocking her an undetermined distance northward. When defendant brought his car to a halt it was on the east side

of the center line of Glendale Avenue, facing north, with the right front portion about 16 to 20 feet north of the crosswalk.

Plaintiff testified that she purchased two large sacks of groceries in the market, left by way of the above-mentioned exit, and walked south to the crosswalk. At that point she slowed her pace momentarily, observed that the signal light was green, and glanced around in all directions before stepping off the sidewalk. She saw no automobile except some coming south a long distance away. She walked across the street looking straight ahead. She did not remember whether she looked in other directions as she walked.

■ Whether it is negligent not to maintain a lookout after having looked once is a question for the jury to decide, taking all the circumstances into consideration. (*Taha* v. *Finegold,* 81 Cal.App.2d 536 [184 P.2d 533].) Here, the question was not one of law. Although plaintiff's testimony was uncertain in some respects, it was not thereby rendered unworthy of belief. (*Hendricks* v. *Pappas,* 82 Cal.App.2d 774, 778 [187 P.2d 436].) Plaintiff's testimony, if believed, was sufficient to justify findings that she used the pedestrian crosswalk and exercised due care for her safety by looking for approaching vehicles before stepping into the street. Although there was evidence that plaintiff was not within the crosswalk when she was struck, such evidence merely created a conflict to be resolved by the trier of fact.

■ The testimony of defendant given on the trial and in a deposition was that he did not perceive plaintiff until the right front of his auto was nearly touching her or until the auto actually struck her. Since there was nothing to obstruct his view, this evidence was sufficient to justify a finding that he was negligent in failing to observe the presence of plaintiff in the area through which he intended to drive. (*Milner* v. *Toliver,* 87 Cal.App. 38, 41 [261 P. 1069].) Moreover, if plaintiff was crossing in the crosswalk, the jury could have found that defendant was negligent in failing to yield the right of way as required by section 560(a) of the Vehicle Code. (*Gray.* v. *Brinkerhoff,* 41 Cal.2d 180 [258 P.2d 834].) In commenting on the evidence after the verdict was returned, the trial court pointed out that even if plaintiff was not exactly in the crosswalk, defendant, in the exercise of ordinary care, could have seen her, and that if she would have been struck had she been in the crosswalk, her being slightly outside it, although prima facie negligent, would not have been a proximate cause of the accident. We agree. (*Nicholas* v.

*Leslie,* 7 Cal.App.2d 590, 594 [46 P.2d 761]; *Farole* v. *Eichman,* 39 Cal.2d 822, 824 [249 P.2d 261]; *Woods* v. *Eitze,* 94 Cal.App.2d 910, 917 [212 P.2d 12].)

The appeal is without merit and was apparently taken for the purpose of delay.

The order is affirmed with $100 damages for a frivolous appeal.

Wood (Parker), J., concurred.